Mel Crawford, WSBA #: 22930
Law Office of Mel Crawford
3244 N. E. 103rd St.
Seattle, WA  95125-7821
Email: melcrawford@melcrawfordlaw.com
T:  (206) 694-1614
F:  (206) 905-2342

Attorney for Plaintiff: *Barbara Berg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

BARBARA BERG,

        Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

        Defendant.

No.  2:24-cv-97

COMPLAINT FOR DECLARATORY
RELIEF

Plaintiff Barbara Berg ("Plaintiff" or "Berg") alleges as follows:

## JURISDICTION

1.      Plaintiff's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1). Pursuant to 29 U.S.C. § 1331, this Court has jurisdiction over this action because this action arises under the laws of the United States of America.  29 U.S.C. § 1132(e)(1) provides for federal district court jurisdiction of this action.

## VENUE

2.      Venue is proper in the Eastern District of Washington in that Plaintiff is and was a resident of the city of Kettle Falls, in the county of Stevens, in the State of Washington, when Defendant terminated Plaintiff's long term disability ("LTD") benefits and denied her appeal of that decision.  Therefore, 29 U.S.C. § 1132(e)(2)

**COMPLAINT FOR DECLARATORY RELIEF- 1**

provides for venue in this court.

## INTRADISTRICT ASSIGNMENT

3. This civil action, which arose in Stevens County, is properly assigned to the Spokane Division.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. § 1000(7), of the Walmart Inc. Associates Health and Welfare Plan ("The Plan"), and thereby entitled to receive benefits therefrom. Plaintiff was a participant because she was an employee of Walmart Inc., which established The Plan to provide certain benefits, including LTD benefits, to its employees.

5. Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), issued Group Disability Income Policy Number GE/6F3-850-290765-01 ("The Policy"), to Walmart Inc. and thereby provided all benefits at issue in this action and terminated Plaintiff's LTD benefits claim and denied her appeal of that denial.

6. The Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. § 1001 et seq.

## CLAIM FOR RELIEF

7. The Policy provides long-term disability benefits after an elimination period of 26 weeks for a person under the age of 62 at the time the disability occurred, as was Plaintiff herein, such benefits potentially could continue until the person is Normal Social Security Retirement Age, which for Plaintiff is 67 years.

8. The Policy provides, in part, as follows:

A. "Disability" or "Disabled", with respect to Long Term Disability, means:

For persons other than truck drivers,

pilots, copilots, and crewmembers of an aircraft:

COMPLAINT FOR DECLARATORY RELIEF- 2

i.      that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

ii.      thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

B.      "Material and Substantial Duties", with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.

C.      "Own Occupation", with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Lincoln will consider the Covered Person's occupation as it is performed at Walmart, Inc.

D.      "Any Occupation" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

9.      Berg was formally employed by Walmart beginning May, 2003 through June 28, 2022.  Berg was most recently employed by Walmart as a team lead.

10.      Berg became disabled from performing the material and substantial duties of her own occupation on March 8, 2021.  Berg became disabled by the following comorbid conditions: multiple right upper extremity problems, including De Quervain's tenosynovitis (of right radial styloid); status post surgery (first dorsal compartment release), with residual lesion of the ulnar nerve; calcific tendinitis of the forearm; neuralgia/neuritis; idiopathic progressive neuropathy; complex regional pain syndrome/paresthesia; and cervical spine problems (degenerative disc

**COMPLAINT FOR DECLARATORY RELIEF- 3**

disease/facet arthropathy, with severe foraminal stenosis with pain and radiculopathy).

11. On November 11, 2021, Lincoln obtained a review of Berg's medical records through Reliable Review Services by Dr. Michael Lin, Board Certified Internal Medicine.

12. By letter dated November 6, 2021, Lincoln approved Berg's claim for long term disability benefits, noted she became disabled on March 8, 2021, that the LTD policy has a 26-week elimination period, and therefore her LTD benefits began on September 6, 2021.

13. On December 5, 2022, Lincoln obtained a "record review" through ECN, from Soloman Rojhani, Board Certified in Physical Medicine and Rehabilitation, Pain Medicine. The fee for Dr. Rojanhi's report from ECN was $755.00.

14. On June 16, 2023, Berg's primary care physician, Dr. Barry Bacon, M.D. answered a questionnaire submitted to him by Lincoln. Therein he explained that: Berg is permanently disabled; he is treating Berg for DeQuervain's tenosynovitis and complex regional pain syndrome; he has been trained to distinguish legitimate symptoms from malingering; Berg's description of her limitations are consistent with his expectations and are supported based upon his examinations and treatment history; the maximum amount of time that Berg should be on her feet in a eight hour workday is four hours; Berg's symptoms impact her right hand and forearm; she cannot lift with her right hand or grasp, or do fine manipulation with her right hand. He imposed limitations on her use of her right hand and fingers of 20 minutes of continuous use and then she would need a 180 minute break. He explained those limitations as due to permanent disability –pain in the right hand and forearm. He noted that Berg would miss work more than 4 days per month (the highest option available on the form) due to severe pain. He explained that Berg had tried various treatments to mitigate her symptoms.

**COMPLAINT FOR DECLARATORY RELIEF- 4**

Lincoln obtained a medical review dated June 19, 2023 through MLS National Medical Evaluation Services (MLS), by Dr. William Barreto, M.D, Board Certified in Physical Medicine and Rehabilitation and Pain Medicine.  MLS billed Lincoln $660.00 for that records review.

15.    On July 5, 2023, Lincoln obtained a "transferable skills analysis" based on Dr. Barreto's records review from its employee, Rebecca Bach, M.Ed.,C.R.C.

16.    On July 5, 2023, the Social Security Administration issued a Notice Of Decision – fully favorable to Berg concerning her claim for Social Security Disability Benefits.  Administrative Law Judge John W. Rolph issued findings of fact and conclusions of law including:

A.    "The claimant has the following severe impairments: 1) multiple right upper extremity problems, including De Quervain's tenosynovitis (of right radial styloid); status post surgery (first dorsal compartment release on 3/8/3032) (sic), with residual lesion of the ulnar nerve; calcific tendinitis of the forearm; neuralgia/neuritis; idiopathic progressive neuropathy; and complex regional pain syndrome/paresthesia and; 2) cervical spine problems (degenerative disc disease/facet arthropathy, with severe foraminal stenosis with pain and radiculopathy (20 CFR 404.15209(c))."

B.    These impairments are considered 'severe' under the Regulations because the medical record supports a finding that they are medically determinable impairments which significantly limit the claimant's mental and physical abilities to do one or more basic work activities.  In addition, the record also supports a finding that the claimant's impairments have lasted at a 'severe' level for a continuous period of more than 12 months.

C.    "Considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c)

**COMPLAINT FOR DECLARATORY RELIEF- 5**

and 404.1566).”

D.    "If the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of 'not disabled' would be directed by Medical-Vocational Rule 202.14.  To determine the extent to which the claimant's additional limitations erode the unskilled light occupational base, I asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.  The vocational expert testified that given all of these factors there are no jobs in the national economy that the individual could perform.”

E.    "Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, a finding of 'disabled' is appropriate under the framework of the above-cited rule.”

17.    By letter dated July 14, 2023, Lincoln notified Berg that it had reviewed the medical information received for her claim and that her LTD benefits would end as of September 6, 2023.  That decision was primarily based upon Dr. Barretto's June 19, 2023, medical records review and Ms. Bach's July 5, 2023 transferrable skills analysis; it did not address or consider ALJ Ralph's July 5, 2023, Notice of Decision – Fully Favorable from the Social Security Administration.  (See ¶ 17.)  The letter invited Berg to request a review of that decision.

18.    Pursuant to Lincoln claim note 101, on July 25, 2023, Lincoln was notified by its vendor that Berg had been awarded Social Security disability benefits effective September 20, 2021.

19.    By letter dated July 27, 2023, Lincoln wrote Berg calculating the overpayment that was created by her retroactive award of Social Security Disability benefits and demanded that Berg repay to it the amount of $28,852.85.

20.    Berg repaid the full amount of the overpayment.  In overpayment note

**COMPLAINT FOR DECLARATORY RELIEF- 6**

6, dated August 23, 2023, Lincoln noted "op [overpayment] recovered in full closed referral."

21.    By letter dated August 25, 2023, Berg timely requested a review of the termination of her LTD benefits.

22.    By letter dated August 30, 2023, Lincoln wrote Berg acknowledging receipt of her request for review of the termination of her LTD benefits and explaining it had referred the file for a medical review and assessment by a board certified physician.

23.    Lincoln obtained a records review by Dr. Annie Layno-Moses, M.D., Board Certified in Physical Medicine and Rehabilitation and Pain Medicine through ECN, dated September 8, 2023.  That report is nine pages long; it summarizes voluminous medical records; it does not mention Social Security Administration ALJ Rolph's, July 5, 2023, Notice of Decision – Fully Favorable.  (See ¶ 17.) ECN billed Lincoln $660.00 for Dr. Layno-Moses, M.D. September 8, 2023, report.

24.    Lincoln obtained a "vocational memorandum" dated September 12, 2023, from its employee, Jason M. Miller, M.ED., CRC, ABVE/F utilizing the restrictions limitations from the peer review completed by Dr. Layno-Moses on September 8, 2023.  That vocational memorandum does not mention Social Security Administration ALJ Rolph's, July 5, 2023 Notice of Decision – Fully Favorable. (See ¶ 17.)

25.    By letter dated September 13, 2023 Lincoln invited Berg to comment on Dr. Layno-Moses's report and Mr. Miller's vocational memorandum.

26.    On October 10, 2023, Lincoln obtained an "addendum for additional medical records" report from Dr. Layno-Moses through ECN.  ECN billed Lincoln $200.00 for that "addendum for additional medical records report."

29.    By letter dated October 11, 2023, Lincoln transmitted Dr. Layno-Moses's October 10, 2023 "addendum for additional medical records report" to Berg for comment.

**COMPLAINT FOR DECLARATORY RELIEF- 7**

30. By letter dated November 3, 2023. Lincoln denied Berg's appeal of the termination of her LTD benefits. The letter noted that in her letter of appeal dated August 25, 2023, Berg indicated that Social Security ALJ John W. Rolph and Diana Kaiser, a vocational expert, both declared she was unable to work. The appeal denial letter was based upon the medical records reviews by Dr. Layno-Moses and the "vocational memorandum" by Mr. Miller. Lincoln notified Berg that she had the right to bring a civil action.

30. Plaintiff has exhausted all administrative remedies required to be exhausted by the terms of the Policy and by ERISA.

31. At all times mentioned herein Plaintiff has met all terms and conditions of The Policy and was, and continues to be, Disabled under the Policy's definition of disabled, and thus entitled to LTD benefits under the terms of the Policy.

32. ERISA section 503, 29 U.S.C. § 1133 provides:

"In accordance with regulations of the Secretary, every employee benefit plan shall–

(1) provide adequate notice in writing to any participant, beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reason for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

33. Defendant was required to provide Plaintiff a full and fair review of her claim for benefits pursuant to 29 U.S.C. § 1133 and its implementing Regulations. Specifically:

A. 29 U.S.C. § 1133 mandates that, in accordance with the Regulations of the Secretary of Labor, every employee benefit plan, including defendant herein, shall provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting

**COMPLAINT FOR DECLARATORY RELIEF- 8**

forth the specific reasons for such denial, written in a manner calculated to be understood by the participant and afforded a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by an appropriate named fiduciary of the decision denying the claim.

B.    The Secretary of Labor has adopted Regulations to implement the requirements of 29 U.S.C. §1133.  These Regulations are set forth in 29 C.F.R. § 2560.503-1 and provide, as relevant here, that employee benefit plans, shall establish and maintain reasonable procedures governing the filing of benefit claims, notifications of benefit determinations, and appeal of adverse benefit determinations and that such procedures shall be deemed reasonable only if:

i.    Such procedures comply with the specifications of the Regulations.

ii.    The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan documents and that, where appropriate, the Policy provisions have been applied consistently with respect to similarly situated claimants.

iii.    Written notice is given regarding an adverse determination (i.e., denial or termination of benefits) which includes: the specific reason or reasons for the adverse determination; with reference to the specific plan provisions on which the determination is based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; a description of the Policy's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following a denial on review; if an internal rule,

COMPLAINT FOR DECLARATORY RELIEF- 9

guideline, protocol, or similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

iv.    Defendant is required to provide a full and fair review of any adverse determination which includes:

a.    That a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

b.    A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information: (1) was relied upon in making the benefit determination; (2) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (3) demonstrates compliance with the administrative processes and safeguards required pursuant to the Regulations in making the benefit determination; or (4) constitutes a statement of policy or guidance with respect to The Policy concerning the denied benefit without regard to whether such statement was relied upon in making the benefit determination.

c.    The Regulations further provide that for a review that takes into account all comments, documents, records and

**COMPLAINT FOR DECLARATORY RELIEF- 10**

other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination;

d.   The Regulations further provide that, in deciding an appeal of any adverse determination that is based in whole or in part on a medical judgment that the appropriate named fiduciary shall consult with a healthcare professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

e.   The Regulations further require a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the Plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal nor the subordinate of such individual.

f.   The Regulations further provide that a healthcare professional engaged for the purposes of a consultation for an appeal of an adverse determination shall be an individual who is neither the individual who was consulted in connection adverse benefit determination which was the subject of the appeal nor the subordinate of any such individual.

g.   Effective April 1, 2018, The United States Department of Labor amended ERISA claims procedures for disability benefits.  The amendment ensures that, "Disability claimants receive a clear explanation of why their claim was denied as well as their rights to appeal a denial of a benefit claim, and to review and respond to new information developed by the plan during the course of the appeal."

**COMPLAINT FOR DECLARATORY RELIEF- 11**

h.      29 C.F.R. §2560.501 - Claims procedure, currently states at subsection (h)(4):

(4)  Plans providing disability benefits. The claims procedures of a plan providing disability benefits will not, with respect to claims for such benefits, be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless, in addition to complying with the requirements of paragraphs (h)(2)(ii) through (iv) and (h)(3)(i) through (v) of this section, the claims procedures -

(i) Provide that before the plan can issue an adverse benefit determination on review on a disability benefit claim, the plan administrator shall provide the claimant, free of charge, with any new or additional evidence considered, relied upon, or generated by the plan, insurer, or other person making the benefit determination (or at the direction of the plan, insurer or such other person) in connection with the claim; such evidence must be provided as soon as possible and sufficiently in advance of the date on which the notice of adverse benefit determination on review is required to be provided under paragraph (i) of this section to give the claimant a reasonable opportunity to respond prior to that date. A plan is also required to explain it reasoning for disagreeing with a disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration.

34.    Defendant denied Plaintiff a full and fair review of her claim for

**COMPLAINT FOR DECLARATORY RELIEF- 12**

benefits as follows:

A.    Lincoln does not have or did not follow and did not provide to Berg claims procedures which contain administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan documents and that, where appropriate, The Policy provisions have been applied consistently with respect to similarly situated claimants.

B.    Lincoln did not provide a description of the additional material or information necessary for Plaintiff to perfect his claim or an explanation of why such material or information was necessary.

C.    Lincoln did not meaningfully consider the comments and documents submitted in support of Plaintiff's appeal.  Neither Dr. Layno-Moses who was consulted concerning the appeal (See ¶¶24, 27), nor Jason M. Miller Lincoln's vocational review or (See ¶25) considered Berg's Social Security disability determination.  (See ¶¶ 24, 25, and 27.)

D.    Defendant otherwise violated the Regulations.

35.    Defendant's denial of Plaintiff's LTD benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of The Policy.

36.    In this action, Lincoln is limited to the specific reason or reasons it stated in its letters of July 14, 2023, and November 3, 2023, see Paragraphs 18 and 29, and may not raise new or different rationales it did not raise during the administrative process.

37.    This Court is required to review the termination of Plaintiff's benefits *de novo* because:

A.    The Policy does not reserve discretion to Lincoln.

B.    Any reservation of discretion in any plan document is void pursuant to Arkansas Code R. § 054.00.1014 ("Rule 101").

**COMPLAINT FOR DECLARATORY RELIEF- 13**

   C. Any reservation of discretion is also void pursuant to WAC 284-50-321.

38. Alternatively, if for any reason the Court concludes that review is for abuse of discretion, then this Court should review Defendant's decision with reduced discretion because:

   A. Lincoln is both the administrator and the funding source for benefits under The Policy, and therefore has a conflict of interest;

   B. Lincoln failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials;

   C. Lincoln utilized medical experts to review Plaintiff's medical records who had a financial conflict of interest, and therefore did not provide a neutral, independent review process.

   D. Lincoln's vocational servicer, Jason Miller does not consider SSDI awards.

   E. Lincoln's decision-making was influenced by its financial conflict of interest.

39. An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to whether Plaintiff is entitled to LTD benefits under The Policy.

40. Plaintiff contends, and Defendant disputes, that Plaintiff is entitled to LTD benefits under the terms of The Policy and that Plaintiff was totally disabled.

41. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contentions are correct, together with a declaration that Defendant is obligated to pay long-term disability benefits of the Policy, retroactive to the first day her benefits were owed, as follows:

42. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may

**COMPLAINT FOR DECLARATORY RELIEF- 14**

ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

43.    As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which he is entitled under the terms of The Policy.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment as follows:

1.    For declaratory judgment against Defendant, requiring Lincoln to reinstate long-term disability benefits under the terms of The Policy for the period to which Plaintiff is entitled to such benefits.

2.    For pre-judgment interest on the unpaid benefits.

3.    For attorney's fees pursuant to statute.

4.    For costs of suit incurred.

5.    For such other and further relief as the Court deems just and proper.

DATED this 27th day of March 2024.

LAW OFFICE OF MEL CRAWFORD

By s/*Mel Crawford*
Mel Crawford, WSBA #22930
Attorneys for Plaintiff

COMPLAINT  - 15