Russell S. Buhite, WSBA #41257
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA  98101
Telephone:  (206) 693-7052
Facsimile:  (206) 693-7058
Email:  russell.buhite@ogletree.com

*Attorneys for Defendant The Lincoln National*
*Life Insurance Company*

Honorable Judge Stanley A. Bastian

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA BERG,<br><br>     Plaintiff,<br><br>  vs.<br><br>THE LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY,<br><br>     Defendant. | Case No. 2:24-cv-00097-SAB<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF** |

NOW COMES Defendant The Lincoln National Life Insurance Company ("Lincoln"), and for its answer to Plaintiff's Complaint For Declaratory Relief ("Complaint") herein, states as follows.  Any allegation not expressly admitted is denied.

1.    Lincoln admits that this case is governed by ERISA, but denies that Plaintiff is entitled to any relief.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 1
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

2.     Lincoln does not dispute venue, but denies that it committed the various wrongful acts alleged in the Complaint.

3.     Lincoln admits the allegations in Paragraph 3.

4.     Lincoln admits that, at times, Plaintiff was covered by group long-term disability policy GD/GF3-850-290765-01 (the "Group LTD Policy") that Lincoln issued to Walmart Inc. to cover eligible employees. Lincoln denies that Plaintiff is currently covered by the Group LTD Policy.

5.     Lincoln admits that it issued the Group LTD Policy and administered Plaintiff's LTD claim, which it approved until Plaintiff failed to meet her burden of proof. Lincoln further admits that it upheld that decision on appeal.

6.     Lincoln admits this case is governed by ERISA.

7.     Lincoln admits that the Group LTD Policy contains terms and conditions governing benefits, including the terms discussed in Paragraph 7.  The Group LTD Policy is contained in the administrative record, which speaks for itself. Lincoln denies any allegation inconsistent with the administrative record.

8.     Lincoln admits that the Group LTD Policy contains terms and conditions governing benefits, including the terms discussed in Paragraph 8.  The Group LTD Policy is contained in the administrative record, which speaks for itself. Lincoln denies any allegation inconsistent with the administrative record.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 2
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

9. Lincoln admits upon information and belief that Plaintiff worked for Walmart from March 2003 to June 28, 2022.

10. Lincoln admits that Plaintiff's medical records, which reflect the conditions discussed in Paragraph 10, are contained in the administrative record, which speaks for itself. Lincoln denies any allegation inconsistent with the administrative record. Lincoln denies that Plaintiff met the definition of Disabled beyond September 6, 2023.

11. Lincoln admits the allegations in Paragraph 11.

12. Lincoln admits the allegations in Paragraph 12.

13. Lincoln admits that Dr. Rojhani's review and the billing information for that review are contained in the administrative record, which speaks for itself. Lincoln denies any allegation inconsistent with the administrative record.

14. Lincoln admits that Plaintiff's medical records, which reflect the conditions, symptoms, and treatment discussed in Paragraph 14, are contained in the administrative record, which speaks for itself. Lincoln further admits that Dr. Barreto's review is contained in the administrative record. Lincoln denies any allegation inconsistent with the administrative record. Lincoln denies that Plaintiff met the definition of Disabled beyond September 6, 2023.

15. Lincoln admits the allegations in Paragraph 15.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 3
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

16. Lincoln admits that the SSA's Notice of Decision is contained in the administrative record, which speaks for itself. Lincoln denies any allegation inconsistent with the administrative record. Lincoln denies that Plaintiff met the definition of Disabled beyond September 6, 2023.

17. Lincoln admits it communicated its claim decision by letter dated July 14, 2023. That letter is contained in the administrative record, which speaks for itself. Lincoln denies any allegation inconsistent with the administrative record. Lincoln denies that Paragraph 17 fully and accurately describes the decision, which was based on the entirety of the administrative record. Lincoln denies that its letter was improper or omitted evidence.

18. Lincoln admits the allegations in Paragraph 18.

19. Lincoln admits that, pursuant to the terms of the Group LTD Policy and the Reimbursement Agreement signed by Plaintiff, it requested Plaintiff repay the overpayment created by her receipt of retroactive SSDI benefits.

20. Lincoln admits the allegations in Paragraph 20.

21. Lincoln admits Plaintiff timely submitted an appeal.

22. Lincoln admits the allegations in Paragraph 22.

23. Lincoln admits that Dr. Layno-Moses's review and the billing information for that review are contained in the administrative record, which speaks

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF - 4
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

for itself.  Lincoln denies any allegation inconsistent with the administrative record. Lincoln denies any inference that Dr. Layno-Moses's review was improper.

24.    Lincoln admits that Mr. Miller's vocational memorandum is contained in the administrative record, which speaks for itself.  Lincoln denies any allegation inconsistent with the administrative record.  Lincoln denies any inference that Mr. Miller's memorandum was improper

25.    Lincoln admits the allegations in Paragraph 25.

26.    Lincoln admits that Dr. Layno-Moses's addendum and the billing information for that addendum are contained in the administrative record, which speaks for itself.  Lincoln denies any allegation inconsistent with the administrative record.

29.    Plaintiff's Complaint is mis-numbered from Paragraph 26 to Paragraph 29.  Lincoln admits the allegations in Paragraph 29.

30.    Lincoln admits it communicated its appeal decision by letter dated November 3, 2023.  That letter is contained in the administrative record, which speaks for itself.  Lincoln denies any allegation inconsistent with the administrative record.  Lincoln denies that Paragraph 30 fully and accurately describes the decision, which was based on the entirety of the administrative record.  Lincoln denies that its letter was improper or omitted evidence

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 5
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

30. Answering Plaintiff's second Paragraph 30, Lincoln admits Plaintiff has exhausted administrative remedies.

31. Lincoln denies the allegations in Paragraph 31.

32. Paragraph 32 contains a statement of law requiring no response. To the extent a response is required, Lincoln admits it owes duties consistent with applicable law and denies that it violated any of those duties.

33. Paragraph 33 contains a statement of law requiring no response. To the extent a response is required, Lincoln admits it owes duties consistent with applicable law and denies that it violated any of those duties

34. Lincoln denies the allegations in Paragraph 34.

35. Lincoln denies the allegations in Paragraph 35.

36. Paragraph 36 contains a statement of law requiring no response. To the extent a response is required, Lincoln does not presently intend to raise any rationale, beyond the rationale communicated to Plaintiff during her claim and appeal, that Plaintiff failed to prove entitlement to benefits beyond September 6, 2023. Lincoln denies that Paragraph 36 is an accurate and complete statement of the law.

37. Answering Paragraph 37, Lincoln does not dispute that the Court's review will be *de novo*; however the Group LTD Policy confers discretion.

38. Lincoln denies the factual allegations in Paragraph 38.

39. Lincoln admits the allegations in Paragraph 39.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 6
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

40.    Lincoln admits that Paragraph 40 accurately describes the parties' positions.

41.    Lincoln denies that Plaintiff is entitled to any relief.

42.    Lincoln denies that Plaintiff is entitled to any relief.

43.    Lincoln denies the factual allegations in Paragraph 43.

## PLAINTIFF'S PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief, Lincoln denies that Plaintiff is entitled to recovery of the Plan benefits at issue in this action.  Defendant further denies that Plaintiff is entitled to any of the listed items of relief in her Complaint, prays that Plaintiff take nothing by her Complaint, requests reimbursement of Defendant's attorneys' fees and costs, and all other just and proper relief.

## AFFIRMATIVE AND OTHER DEFENSES

Lincoln asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action, as well as to the entire Complaint.  Lincoln does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, from recovery on the grounds that Lincoln has discharged its obligations to Plaintiff.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 7
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

## SECOND DEFENSE

Under the terms and conditions of the subject group insurance policies and plan documents, Lincoln is entitled to recoup and/or collect offsets for other income or benefits, as defined by the applicable group policies or plan documents, received by Plaintiff in connection with any alleged disability, including, but not limited to, Social Security disability payments, workers' compensation payments, and payments received under other disability insurance policies.

## THIRD DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted.

## FOURTH DEFENSE

If the Court determines that Lincoln materially erred in administering Plaintiff's claims for benefits under the terms of the plan and subject group policy or applicable laws, which is denied, then the Court should remand the claim to Lincoln for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

## FIFTH DEFENSE

The claims of Plaintiff are limited in this action to a review by this Court, without any jury, of the Administrative Record, including the group LTD Policy at issue and any applicable plan documents, so as to determine whether Lincoln's actions were arbitrary and capricious and/or an abuse of its discretion.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF - 8
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

## SIXTH DEFENSE

Lincoln reserves the right to assert such other and further defenses of which it may become aware through discovery or otherwise.

WHEREFORE having fully answered Plaintiff's Complaint, Lincoln respectfully requests that the Court (1) dismiss Plaintiff's Complaint for Declaratory Relief, with Plaintiff taking nothing thereby; (2) award Lincoln its costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132 and any other applicable law; and (3) award any other relief the Court deems just and proper.

Respectfully submitted this 22nd day of April, 2024.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Russell S. Buhite*
    Russell S. Buhite, WSBA # 41257
    1201 Third Avenue, Suite 5150
    Seattle, WA  98101
    Telephone:  (206) 693-7052
    Facsimile:  (206) 693-7058
    Email:  russell.buhite@ogletree.com

*Attorneys for Defendant The Lincoln National Life Insurance Company*

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF - 9
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2024, I served the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF via the method(s) below upon the following parties:

Melton L. Crawford, WSBA #22930
LAW OFFICE OF MEL CRAWFORD
3244 NE 103rd Street
Seattle, WA  98125-7821
Telephone:  (206) 694-1614
Facsimile:  (206) 905-2342
Email:  melcrawford@melcrawfordlaw.com

Robert J. Rosati, SBN #112006
(admitted *pro hac vice*)
THE ERISA LAW CENTER
6485 North Palm Avenue, Suite 105
Fresno, CA  93704-1072
Telephone:  (559) 478-4119
Facsimile:  (559) 478-5939
Email:  robert@erisalg.com

*Attorneys for Plaintiff Barbara Berg*

☒    by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐    by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the United States Postal Service in Seattle, Washington.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 10
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

SIGNED THIS 22nd day of April, 2024 at Seattle, Washington.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
By: */s/ Cheryl L. Kelley*
    Cheryl L. Kelley, Practice Assistant
    cheryl.kelley@ogletree.com

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 11
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058