Russell S. Buhite, WSBA #41257
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone:  (206) 693-7052
Facsimile:   (206) 693-7058
Email:  russell.buhite@ogletree.com

Kristina N. Holmstrom, AZBN #023384
*Admitted Pro Hac Vice*
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
Esplanade Center, Suite 800
2415 E. Camelback Road
Phoenix, AZ 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Email: kristina.holmstrom@ogletree.com
*Attorneys for Defendant The Lincoln
National Life Insurance Company*

Honorable Judge Stanley A. Bastian

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
**SPOKANE DIVISION**

BARBARA BERG,

      Plaintiff,

  v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

      Defendant.

Case No. 2:24-cv-00097-SAB

**LINCOLN'S REPLY SUPPORTING
ITS OPENING BRIEF**

LINCOLN'S REPLY SUPPORTING ITS
OPENIGN BRIEF - 1
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

Berg must prove that pain in her right hand prevents her from doing "any occupation." Despite a full administrative process, months of litigation, and two rounds of briefing, Berg has failed to do so. Rather, she mischaracterizes Lincoln's arguments and distorts the record. Neither tactic meets her burden of proof. And her critiques are unfounded. Lincoln and the reviewing physicians considered Berg's ability to work with "reasonable continuity" (she can) and Lincoln's defense of this case has been consistent with its rationale during the claim (Berg can use her right hand "occasionally" and can thus perform other suitable occupations).

## I.    BERG FAILED TO PROVE THAT SHE CANNOT PERFORM ANY OCCUPATION WITH REASONABLE CONTINUITY.

Berg failed to prove that she "is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation." (LNBBPOL000015.) She seeks to distract the Court from that failure by erroneously flipping the burden. Berg accuses Lincoln of failing to consider "reasonable continuity" because the independent reviewing physicians did not use those exact words in their reports. But Lincoln bears no burden to disprove her claim. And in any event, not so.

### A.    Berg Provided No Competent Evidence That She Lacked The Ability To Perform Any Occupation With Reasonable Continuity.

In support of her "reasonable continuity" argument, Berg cites mainly to employment discrimination cases that hold being able to attend work on a regular basis is an essential duty of occupations. (Dkt. 33, at 8 (citing employment cases).)

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 2
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

This is a distraction. Lincoln has never argued that regular work attendance is not a component of "reasonable continuity." Rather, Lincoln determined that Berg failed to prove that she was disabled from performing any occupation with reasonable continuity. As set forth below, the independent reviews demonstrate she could work full time (i.e., with reasonable continuity).

The only evidence Berg cites for her "reasonable continuity" argument is that Dr. Bacon completed a June 16, 2023 form (not one of Lincoln's forms) on which he circled an option to indicate that Berg would miss more than four days of work per month due to pain. (257.) He gave no reason for his opinion. And, indeed, his records give no indication that Berg's functionality fluctuates over time. To the contrary, the printed records from his clinic show that Berg's complaints of hand pain are consistent, but that—overall—she is able to function, including running three miles per day, as well as consistently using her left hand and lower extremities. (*Compare* 105-47 *with* cases cited at Dkt. 32, at 7-9 (physicians' opinions consistent with contemporaneous medical records).)

Berg's own cases underscore the irrelevance of a "reasonable continuity" argument here. It becomes a concern where a claimant has a condition that may allow them to have "good days" on which they are fully functional, but then "bad days" where they are not able to function at all in the workplace. Berg relies heavily on *Delaney v. Prudential Ins. Co. of Am.*, 68 F. Supp. 3d 1214, 1222–23 (D. Or. 2014),

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 3
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

in which the claimant had Meniere's disease that caused periods of "vertigo, nausea and vomiting, aggravated by movement and difficulty walking, which lasted about 3–4 days." The impairment was not constant, but the claimant had "five attacks in . . . seven months," each lasting days. *Id.* at 1223. A claimant who is functional on good days may nevertheless prove that she is entitled to benefits because she has numerous nonfunctional days, as demonstrated by the (otherwise irrelevant employment law) cases Berg herself cites. *See, e.g.*, *Tyndall v. Nat'l Educ. Centers, Inc. of California*, 31 F.3d 209, 211 (4th Cir. 1994) (lupus); *Wimbley v. Bolger*, 642 F. Supp. 481, 484–85 (W.D. Tenn. 1986) (mental illness); *Carr v. Reno*, 23 F.3d 525, 527 (D.C. Cir. 1994) (ear condition causing episodic dizziness and nausea).[1]

---

[1] Berg also cites to *Lyttle v. United of Omaha Life Ins. Co.*, 341 F. Supp. 3d 1071, 1084 (N.D. Cal. 2018), which is wholly inapposite. In *Lyttle*, the claimant was diagnosed with and being treated for cancer, but was able to continue working for years. The claim administrator noted the lack of any discernable change in his condition precipitating him leaving work. The Court looked at the increasing amount of sick leave the claimant had taken in the year prior to leaving work, which— according to the Court—was evidence that he had been working, but not with reasonable continuity. *Lyttle* does not speak to the issues here.

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 4
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

The records do not show that Berg's condition fluctuates in a way that implicates reasonable continuity; they show that Berg is consistently limited to using her right hand occasionally and otherwise remains fully functional.

### B. The Independent Medical Reviews Support That Berg Can Perform Any Occupation With Reasonable Continuity.

Even without using the words, "reasonable continuity" the independent physicians considered it. But Dr. Layno-Moses stated Berg's "abilities are sustainable on a full-time basis." (172.) She also expressly considered Dr. Bacon's form on which he gave an unsupported and unexplained opinion that Berg would miss more than four days of work per month. (91.) And Dr. Baretto opined Berg "can work full time within these restrictions and limitations." (292.)

The ability to sustain full time work *is* working with reasonable continuity. *Ezerski v. Kirlins, Inc.*, 2018 WL 3352945, at *15 (S.D. Ohio July 9, 2018) (reviewing physicians did not need to use the phrase "reasonable continuity" because it is "implicit" in the doctors' statement that claimant could work full time*); Gerhardt v. Liberty Life Assur. Co. of Boston*, 2012 WL 3599517, at *11 (E.D. Ark. Aug. 14, 2012), *aff'd, Gerhardt v. Liberty Life Assur. Co. of Boston*, 736 F.3d 777 (8th Cir. 2013) (rejecting "reasonable continuity argument where reviewing physicians "each separately concluded that [claimant] could perform sedentary duties on a full time basis"); *Kaiser v. Standard Ins. Co.*, 2007 WL 120836, at *4

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 5
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

(N.D. Cal. Jan. 11, 2007), *aff'd, Kaiser v. Standard Ins. Co.*, 314 Fed. Appx. 921 (9th Cir. 2008)(reviewing physicians did consider reasonable continuity when they said claimant could work full time); *cf Sweno v. Liberty Life Assur. Co. of Boston*, 2003 WL 1572006, at *3–6 (D. Minn. Mar. 10, 2003) (claimant could work with "reasonable continuity" with less than full-time capacity if he could work for up to four hours continuously). The reviewing physicians opined that Berg could work with reasonable continuity so long as she limited her right hand use to "occasionally."

## C.    Lincoln Applied The Correct Policy Language.

Finally, Berg complains that Lincoln quoted the wrong policy language in its appeal letter, which—she hypothesizes—is why Lincoln failed to consider reasonable continuity. Lincoln did no such thing. When it approved her benefits in November 2021, Lincoln informed Berg that the "any occupation" definition included a "reasonable continuity" component. (696.) Then, in July 2023, when Lincoln informed Berg she did not meet her burden of proving "any occupation" disability, Lincoln expressly included the "reasonable continuity" language. (271.) For her entire claim, then, Berg knew that she must show she could not perform any occupation with "reasonable continuity" after 24 months on claim. It appears the appeal decision letter inadvertently omitted an "any occupation" disability

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 6
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

definition. (70.) But this does not obviate the requirement that Berg prove she could not perform any occupation with reasonable continuity.

Nor does it mean that Lincoln failed to consider that requirement. In its appeal letter, Lincoln clearly explained "The focus of our assessment was . . . whether or not impairment exists that would preclude you from performing the duties of any occupation. . . . [W]e conclude the information is insufficient to support evidence of continued impairment." (69.) This was because Berg's ability to work full time was "sustainable on a full-time basis." (*Id.*)

## II. LINCOLN'S POSITION HAS BEEN CONSISTENT—BERG FAILED TO MEET HER BURDEN OF PROVING SHE IS DISABLED FROM ANY OCCUPATION.

In another attempt to fit the facts of this case into her preferred case law, Berg argues that Lincoln's litigation arguments (discussed specifically below) constitute impermissible "new rationale." They do not. Lincoln's rationale is and always has been that Berg failed to submit sufficient evidence demonstrating she was disabled from any "occupation."

Essentially, Berg's complaint is that multiple rounds of briefing has allowed Lincoln to give more robust explanations of its decision. Litigation permits the parties to dive more deeply into the analysis; this does not create a new rationale. ERISA does not require the employees of claim administrators to draft (within ERISA's stringent timelines) correspondence that can double as a legal brief. The

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 7
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

issue is whether the claimant receives adequate notice of the reasons behind the decision. The Ninth Circuit has held that to satisfy the regulatory requirements, the claim correspondence must merely contain enough detail to allow judicial review. *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 964 (9th Cir. 2014)*; see also Terry v. Bayer Corp.*, 145 F.3d 28, 40 (1st Cir. 1998)(proper inquiry is whether "the beneficiary [was] supplied with a statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review")(quoting *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 382 (7th Cir. 1994); *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 526 (1st Cir. 2005); *Brogan v. Holland*, 105 F.3d 158, 166 (4th Cir. 1997); *Niebauer v. Crane & Co., Inc.*, 783 F.3d 914, 927 (1st Cir. 2015)).

The notice requirements ensure that the claimant is aware of the reasons for the denial. *See id*. Where, as here, a claimant submits significant argument on the point, that litigation conduct demonstrates that she was aware of the rationale despite complaints about the level of detail in the correspondence. *Brogan*, 105 F.3d at 166 ("these actions indicate that Brogan understood the issues confronting him"); *Terry*, 145 F.3d at 39 (Plaintiff's "actions demonstrate that he was well aware of the reasons for the decision . . . "). Litigation resulting in a fuller record and analysis does not equate with a new rationale. *See, e.g., Beach v. Liberty Life Assurance Co. of Boston,* 763 Fed. Appx. 601, 602 (9th Cir. 2019) (unpublished) ("Liberty did advance some

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 8
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

new factual arguments, but these did not constitute a new reason . . . . The reason advanced by Liberty was founded solely on information in the record and adequately permitted Beach to pursue her appeals and litigation."); *Collier*, 53 F.4th at 1188 ("a plan administrator need not address every piece of evidence submitted by a participant in support of a claim for benefits.").

Trying to leverage *Collier*, Berg claims that Lincoln is now basing its decision on Berg and Dr. Bacon lacking credibility. She mischaracterizes Lincoln's arguments. In its briefs, Lincoln has explained why the Court, in weighing the medical evidence as part of a *de novo* review, should not give any more weight to Berg's subjective complaints or Dr. Bacon's recitation of Berg's subjective complaints than the reviewing physicians who specifically credited them and limited Berg's hand use to "occasional." There is no case law barring Lincoln from pointing out, in litigation, all of the ways that Berg's self-assessed inability to use her hand "occasionally" is incongruous with the medical records. Indeed, Lincoln cited to numerous cases requiring courts to correlate complaints/opinions with the medical records. (Dkt. 25, at 18-19, Dkt. 32, at 7-9.)

Likewise, in explaining why the Court should afford significant weight to Drs. Layno-Moses and Baretto, Lincoln pointed out that both doctors independently reached the same conclusions as Drs. Rojhani and Lin. Berg complains that Lincoln never previously cited to Drs. Rojhani and Lin as supporting a denial of benefits. Of

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 9
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

course, because of the "own occupation" disability definition that applied at the time of their review, Drs. Rojhani and Lin's opinions supported ***approval*** of benefits and thus would not have been cited in the denial correspondence. The point remains, however, that the overwhelming evidence in this record shows Berg can use her right hand occasionally.

Distorting the record, Berg claims Lincoln is newly demanding "time concurrent" evidence, citing a portion of Lincoln's brief distinguishing the SSDI approval as being based on less complete information—including that the SSA did not have access to the most recent (and largely normal) physical exam done by Dr. Bacon's staff. (25, at 19-20.) That argument is consistent with Lincoln's appeal uphold letter, which informed Berg that its decision was different from the SSA's because it was "based upon updated medical records and different medical and vocational information that would not have been considered by the SSA." (69-70.) It is fair, accurate, and within the scope of the appeal letter for Lincoln to point out that the SSA lacked the more recent information that Lincoln possessed. Beyond that, Lincoln never argued that ***only*** time-concurrent evidence is relevant. Lincoln's own briefs establish how—over time—the medical records established that Berg could use her right hand "occasionally." (Dkt. 25, at 17-18, Dkt. 32.1.)[2]

---

[2] Berg repeats her argument that Lincoln did not provide the SSDI award to Dr.

LINCOLN'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT - 10
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

Finally, Berg rehashes her complaints about Lincoln's inquiries as to objective medical evidence. Lincoln has explained at length that both the Group Policy and ERISA require objective proof of functional impairment. (Dkt. 25, at 4, 19; Dkt. 32, at 3, 7.) But Berg's argument completely ignores the substantial weight Lincoln and the reviewing physicians gave to her subjective complaints in determining she had limitations. (Dkt. 25, at 7, 11-13.) Her arguments are falsely premised on an assumption that Lincoln completely disregarded her subjective complaints. Lincoln did not. Rather, when considering those complaints along with the balance of information in the file, Berg can use her right hand "occasionally" and is thus not disabled from any occupation.

**III.    CONCLUSION**

The Court should uphold Lincoln's decision here.

---

Layno-Moses. Lincoln did. (Dkt. 32.2.) Moreover, the SSDI award does not reference any evidence that Lincoln had not considered. Dr. Layno-Moses discussed (in much more detail) the same medical records and subjective complaints that the ALJ considered. (Compare 157-159 (SSDI award) with 166-69, 170-71 (Dr. Layno-Moses report).)

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 11
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

Respectfully submitted this 26th day of November, 2024.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Kristina N. Holmstrom
Russell S. Buhite, WSBA #41257
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone: (206) 693-7052
Facsimile: (206) 693-7058
Email: russell.buhite@ogletree.com

~ and ~

Kristina N. Holmstrom, AZBN 023384
*Admitted Pro Hac Vice*
2415 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Email: kristina.holmstrom@ogletree.com

*Attorneys for Defendant The Lincoln National Life Insurance Company*

LINCOLN'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT - 12
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2024, I served the foregoing

DEFENDANT'S REPLY SUPPORTING ITS OPENING BRIEF via the method(s)

below upon the following parties:

Melton L. Crawford, WSBA #22930
LAW OFFICE OF MEL CRAWFORD
3244 NE 103rd Street
Seattle, WA 98125-7821
Telephone: (206) 694-1614
Facsimile: (206) 905-2342
Email: melcrawford@melcrawfordlaw.com

Robert J. Rosati, SBN #112006
(admitted *pro hac vice*)
THE ERISA LAW CENTER
6485 North Palm Avenue, Suite 105
Fresno, CA 93704-1072
Telephone: (559) 478-4119
Facsimile: (559) 478-5939
Email: robert@erisalg.com

*Attorneys for Plaintiff Barbara Berg*

☒    by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐    by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the United States Postal Service in Seattle, Washington.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT - 13
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

SIGNED THIS 26th day of November, 2024 at Sherman, Connecticut.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Rose Ramsey*
    Rose Ramsey, Practice Assistant
    rosie.ramsey@ogletree.com

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR JUDGMENT -
14
Case No. 2:24-cv-00097-SAB

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058